# LINAS WILLIAMS

*v.*

# WILLIAM JAYNE *et al.* Administrators.

EVIDENCE—*answer to a bill of discovery—its weight as evidence.* The answer of a party in a suit at law, to a bill of discovery, is entitled to no higher consideration than the answers of a witness on the stand, and its statements may be controverted in the same way.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

The opinion of the court contains a statement of the case.

Mr. O. F. WOODRUFF and Mr. F. D. RAMSAY, for the plaintiff in error.

Mr. JAMES DINSMOOR and Mr. WALTER STAGER, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, brought to the May term of the circuit court of Whiteside county, by Linas Williams against William Jayne and Clark Wadsworth, administrators on the estate of Seth Wetherbee, deceased, on a promissory note for $475. To the declaration, the general issue was pleaded, and two special pleas, setting up a sale and conveyance of certain tracts of land by deceased to plaintiff, in full payment, satisfaction and discharge of the note. These pleas were traversed and issue joined, and, on trial by a jury, the issues were found for the defendants, and judgment was rendered against the plaintiff for costs, after overruling his motion for a new trial. To reverse this judgment, the plaintiff brings the record here by writ of error, assigning various errors.

The note in question bore date April 20, 1863.   The maker, Wetherbee, died in 1868.   The only question of importance for the jury to consider on the trial was, did the evidence raise a fair presumption that the note was paid by the intestate in his life time ?

Best, in his valuable treatise on " Presumptions of law and fact," says, truths of fact may be evidenced to the mind in two ways—directly, through the medium of our senses, as when we see a man give a blow, or sign a deed, etc.; or indirectly, by reasoning from other truths, which have been evidenced directly.

The truths which have been evidenced directly in this case are, that in 1854, the deceased had purchased from the government of the United States the north half of the northeast quarter of section eight, in township twenty-one north, in range four west, in Whiteside county, he himself being a resident of Jacksonville, in Morgan county.   He put Williams, the plaintiff in error, in possession of it, with the understanding that he should have a deed on paying $280, and interest. In 1859, Williams borrowed of deceased about $300.   At the time of the date of the note in question, Williams sold to the deceased his improvements on this tract of land, and the south half of the same quarter section, which paid the liabilities of Williams to deceased, and left a balance in his favor of $475, for which the note sued on was given.   This was on the twentieth of April, 1863.   During this same year, Williams had contracted with deceased to purchase from him the north half of the southwest quarter of section eight, and the northeast quarter of the southeast quarter of section seven, all in township twenty-one, range four, in Whiteside county, and lot two, in the east half of the northeast quarter of section thirty-four, in Carroll county, for which a deed was executed April 1, 1864, for the consideration, as expressed therein, of $1828.   In payment thereof, Williams executed his note for $585.22, payable on or before three years, with eight per cent interest, and paid him in cash $139.48, and, on October 18,

Williams paid $500, and on the twenty-fifth of the same month, $100, making in all $1325. These two last sums were paid by Williams to Myers, the agent of deceased. The land was worth fifteen or twenty dollars per acre. A further fact is established, that deceased was a prompt man of business, of ample means, having a deposit with his banker in a considerable sum, more than $800, and that no claims have been presented against his estate.

Of these facts we have direct evidence, and the question is, do they justify the presumption, in which the jury indulged, that the note in question formed a part of the consideration expressed in the deed of the intestate to Williams, namely: $1828. Plaintiff in error contends that $1325 was the full consideration. If to this sum be added the note and interest thereon, calculated at six per cent up to the date of the deed, April 1, 1864, it will make the sum of $1825, being three dollars less than the consideration named in the deed.

Plaintiff in error has failed to explain why the consideration of $1828 was expressed in the deed, if its true consideration was only $1325. It is a general warranty deed, and we can see no reason why the grantor should have covenanted for more than the true amount received, and it is wholly inexplicable, why plaintiff in error should have paid money to the intestate, when he held his note for an amount so large. This is not the way practical men do business. It is inconceivable that a man, in purchasing a farm, holding a note of the vendor for a sum so large as this, should make payments, and give a mortgage on the land to secure his own note of $500 and upwards, unless it was true that the note, not produced until after the death of the maker, formed a part of the consideration. Had not this note been paid and discharged in this way, the holder of it would most certainly have applied it on the deferred payments, and not paid money. In this presumption the jury had a right to indulge. We hear nothing of this note until after the death of the maker. It is true, it was deposited with one Baker as a collateral, but it remained with

184          WILLIAMS *v.* JAYNE *et al.*          [Sept. T.,

.Opinion of the Court.

him only a part of the year 1864, and from that time to 1868, nothing is seen or heard of it. It was in the possession of plaintiff in error when he made his last payment, about the first of November, 1864, when the mortgage was cancelled.

In the progress of the cause, the defendants filed a bill for discovery, which the plaintiff fully answered, in which he insisted that $1325 was the true consideration, and that the note in question was never paid.

This answer is entitled to no higher consideration than the answers of a witness on the stand. The plaintiff, by the bill, is made a witness in a suit at law, and his testimony may be controverted in the same manner as that of any other witness. *Chambers et al.* v. *Warren,* 13 Ill. 321. There it is held, that an answer to a bill of discovery is entitled to the same consideration as the answers of a witness called by a party; its statements may be controverted in the same way. We are of opinion, after a careful examination of the testimony, that his answer has been controverted, and that this note did form a part of the consideration for the deed, and was satisfied by that deed. These parties appear to have been friends, and what more natural, as the deed was made in Morgan county, to a person living far off in Whiteside county, that he had agreed to send the note to the maker, but which he neglected to do, and the maker died without taking it up.

As to the letter read to the jury, taken by them and never returned, as far as it goes, makes in favor of the plaintiff in error, but there were other things in the letter, of which we have no knowledge, and may have had their influence with the jury in determining the case. But on the whole case we are of opinion justice has been done, and that the evidence fully warrants the finding of the jury. The judgment must, therefore, be affirmed.

*Judgment affirmed.*